AMBRO, Circuit Judge,
dissenting.
Because I do not believe Galloway’s appeal “is frivolous or malicious,” 28 U.S.C. § 1915(e)(2)(B)®, I respectfully dissent.
We held in Barden v. Keohane, 921 F.2d 476 (3d Cir.1991), that the Bureau of Prisons can, in its discretion, designate a state prison as a place of federal confinement nunc pro tunc. Id. at 483. Relevant factors include “the Bureau’s practice in making such designations,” “its assessment of [the prisoner’s] conduct” and “actions” while in custody, “the nature of [the] crime,” “the intent of the state judge,” and “any other broadly relevant characteristics or circumstances.” Id. at 478, 483.
As my colleagues recognize, the state judge in sentencing Galloway intended its sentence to run concurrently with the federal sentence; indeed, the state judge went so far as to write a letter to the BOP to this effect. While the state court’s recommendation does not bind the BOP, it is a “relevant characteristic[ ]” under Bar-den. Id. at 483. Yet the BOP did not once mention the state court’s intent in its adjudication of Galloway’s claim. Instead, it relied almost exclusively on the silence of Judge Voorhees, the federal sentencing judge, to deny Galloway’s request, despite our instruction in Barden that the federal sentencing court’s decision “is not controlling under the statute.” Id.
When the BOP focused on the federal sentencing court’s silence to the exclusion of the state sentencing court’s expressed intent, it may have abused its discretion, and Galloway may have been denied his right to “ ‘fair treatment’ on his application.” Id. Thus, Galloway’s argument is not based on an “indisputably meritless legal theory,” Maj. Op. at 62, but instead is solidly grounded in our case law. I would allow his appeal to go forward.